IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

YVON MONCHER,

      Plaintiff,

v.                                                              CASE NO. 4:14-cv-610-RH-GRJ

SEATLE LITE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff Yvon Moncher, DOC # M19176, a prisoner presently confined at Union Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper.  Docs. 1, 2.  In the Complaint, Plaintiff makes allegations stemming from his previous confinement at Charlotte Correctional Institution, Butler Medical Center, and Santa Rosa Correctional Institution. Plaintiff's claims are difficult to construe.  Plaintiff references the placement of "wires" in his body at Charlotte C.I.  and states that he was used for sexual activity.  Plaintiff also refers to a contract to play professional football that he signed at Santa Rosa C.I.  Doc. 1.

    Plaintiff is not entitled to bring this case *in forma pauperis* because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Moncher v. Inmates*, Case No. 1:14-cv-23168-UU, Docs. 7, 8 (S.D. Fla. 10/2/14) (dismissing case as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i)); *Moncher v. Hailman*, Case No. 5:12-

cv-676-Oc-29PRL, Doc. 7 (M.D. Fla. 1/31/13) (dismissing case as barred by the statute of limitations and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915A); *Moncher v. Charlotte C.I.*, Case No. 2:13-cv-2-JES-SPC, Doc. 5 (M.D. Fla. 1/25/13) (dismissing case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915A).  The Court has independently confirmed that these dismissals qualify as strikes pursuant to 28 U.S.C § 1915(g), and that the Plaintiff in these cases is the same as the Plaintiff in the instant case, having the same DOC inmate number (M19176).

        Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).   General allegations that are not grounded in specific facts which indicate that  serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of

assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Even liberally construed, the Complaint as a whole does not allege facts suggesting that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement at Union Correctional Institution.  Plaintiff does not name any Union C.I. officials as Defendants in the Complaint.  *See* Doc. 1.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (Doc. 2) should be **DENIED,** and that this case should be  **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 17th day of November 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**